IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUIS E. MARTINEZ,
    Petitioner,

vs.                                 Case No. 3:07cv68/MCR/EMT

SCOTT FISHER, WARDEN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1). Respondent seeks dismissal of the petition on the ground that Petitioner seeks to collaterally attack his conviction, therefore, his claims are properly brought under Section 2255 not Section 2241 (*see* Doc. 16). Petitioner filed a reply in which he contends that Section 2255 is inadequate and ineffective to present his claim, therefore, Section 2241 is the appropriate statutory vehicle (*see* Doc. 18). Upon review of the parties' submissions, the undersigned concludes that dismissal of the petition is appropriate.

The procedural background of this case is undisputed by the parties. On July 30, 1990, in the United States District Court for the Southern District of Florida, Case No. 90-00491-CR-WMH, Petitioner and other individuals were indicted by the grand jury in an indictment alleging two counts of a violation of the federal drug laws (*see* Doc. 1, supporting memorandum at 2; Doc. 16, Ex. 2, Doc. 3). After approximately three years of hearings on pre-trial motions, Petitioner and eight co-defendants were indicted in a superceding indictment alleging a conspiracy to engage in a racketeering enterprise, in violation of 18 U.S.C. § 1962(c) (Count One); conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846 (Count Two); and (3) conspiracy to violate the Travel Act, in violation of 18 U.S.C. § 371 (Count Three) (Doc. 1,

supporting memorandum at 2; Doc. 16, Ex. 2, Doc. 249).  The superceding indictment generated a series of new pre-trial motions, which delayed trial until March 7, 1995 (Doc. 1, supporting memorandum at 2; Doc. 16, Ex. 2, docket entry dated 03/07/1995).  After a six-week trial, the jury convicted Petitioner of Counts One and Three, but acquitted him on Count Two, the drug conspiracy count (Doc. 1, Exs. A, B; Doc. 16, Ex. 2, Doc. 374).  The Government subsequently brought charges of jury tampering against one of Petitioner's co-defendants and two others, including one of the jurors from the 1995 trial (*see* Doc. 1, supporting memorandum at 2).  The defendants in the jury tampering case pleaded guilty and, based on the jury tampering proceedings, Petitioner filed a motion for a new trial, which the Government did not oppose (*see* Doc. 16, Ex. 2, Doc. 417).  The district court set aside the jury findings in the first trial and granted a new trial, and Petitioner and three of his co-defendants proceeded to a second jury trial (*id*., Doc. 434).

The second trial began on September 10, 1996 (*see* Doc. 1, supporting memorandum at 3; Doc. 16, Ex. 2, Doc 496).  At the end of the second trial, the jury returned verdicts finding Petitioner guilty of all counts as charged (Doc. 1, Ex. C).  Petitioner was sentenced to two concurrent terms of 165 months of incarceration on Counts One and Two, and a concurrent term of 60 months of imprisonment on Count Three, followed by  a three-year term of supervised release (*id*.).  Petitioner appealed his convictions and sentences to the Eleventh Circuit Court of Appeals, and the appellate court affirmed the convictions and sentences.  United States v. Martinez, No. 97-4269, 162 F.3d 97 (11th Cir. Oct. 16, 1998) (Table).

Thereafter, Petitioner filed a motion to vacate his convictions and sentences, pursuant to 28 U.S.C. § 2255 (*see* Doc. 1 at 6; Doc. 16, Ex. 2, Doc. 660).  The motion was denied by the district court (*see* Doc. 1 at 6; Doc. 16, Ex. 2, Doc. 774).  Petitioner filed a notice of appeal, but the district court and the Eleventh Circuit denied his motions for a certificate of appealability (*see* Doc. 1, supporting memorandum at 3; Doc. 16, Ex. 1 at 3).

In 2005, more than three years later, Petitioner filed a "Motion to Nullify," in which he challenged the district court's subject matter jurisdiction over his second trial (*see* Doc. 1, supporting memorandum at 3; Doc. 16, Ex. 1 at 3, Ex. 2, Doc. 782).  In that motion, Petitioner argued that, because he was initially acquitted on Count Two, double jeopardy principles barred him from being re-tried on that count at the second jury trial, notwithstanding the fact that the second trial occurred

pursuant to his own motion for a new trial based on the jury tampering proceedings (*see id.*). Petitioner specifically argued the following in his Motion to Nullify: (1) the district court subjected him to double jeopardy when, at his request, it set aside the first jury's verdict and ordered a new trial that included Count Two; and (2) the Government could not re-litigate Counts One and Three because of collateral estoppel (*see id.*). The district court denied Petitioner's motion as untimely, noting that he had provided no explanation for the late filing of his challenge to the conviction on Count Two (*see* Doc. 16, Ex. 1 at 3, Ex. 2, Doc. 786). Petitioner filed a motion for reconsideration of the district court's order, asserting that the reason he had not filed the challenge earlier was due to ineffective assistance of his trial counsel (*see* Doc. 16, Ex. 1 at 3–4, Ex. 2, Doc. 787). The court denied Petitioner's motion for reconsideration, and Petitioner appealed (*see* Doc. 16, Ex. 1 at 3–4, Ex. 2, Docs. 788, 789). The Eleventh Circuit denied Petitioner's appeal by order dated December 13, 2006, finding that Petitioner improperly relied on the civil rules, and also finding no abuse in the district court's denial of the motion for reconsideration (Doc. 16, Ex. 1). United States v. Martinez, No. 06-11380-CC, 210 Fed. Appx. 861, 2006 WL 3623699 (11th Cir. Dec. 13, 2006). The Eleventh Court issued its mandate on February 13, 2007 (*id.*).

Petitioner filed the instant petition on January 29, 2007 (*see* Doc. 1 at 7). Petitioner challenges the validity of his conviction on Count Two on the ground that his re-trial on that charge violated double jeopardy principles because he was acquitted of that charge at his first trial (*id.*, supporting memorandum at 4–6). Petitioner additionally challenges his conviction on Count One on the ground that it would be infirm if his conviction on Count Two was vacated (*id.* at 6–8).

To challenge on constitutional grounds the imposition or validity of his conviction or sentence, Petitioner must file his petition pursuant to 28 U.S.C. § 2255. *See* United States v. Hayman, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952). By contrast, a habeas corpus petition under 28 U.S.C. § 2241 generally attacks only the execution or carrying out of an initially valid confinement. *See* Broussard v. Lippman, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981).[1] When a defendant previously filed a Section 2255 motion, he must apply for and receive permission from

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No.: 3:07cv68/MCR/EMT

the court of appeals before filing a successive Section 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255. A defendant who filed a previous Section 2255 motion and was denied relief may not circumvent the rule restricting successive motions simply by filing a petition under Section 2241. *See* <u>Wofford v. Scott</u>, 177 F.3d 1236, 1245 (11th Cir. 1999). Although jurisdiction under Section 2241 may be found through what has been referred to as "the savings clause" of the amended Section 2255,[2] this remedy is available only if Petitioner establishes that the Section 2255 remedy is inadequate or ineffective. *See* <u>Wofford</u>, 177 F.3d at 1245; <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979); <u>Lane v. Hanberry</u>, 601 F.2d 805 (5th Cir. 1979). In <u>Wofford,</u> the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.

Petitioner apparently recognizes that claims like the ones he presents in the instant petition should be presented in a motion attacking the conviction pursuant to Section 2255; however, Petitioner states that Section 2255 is "inadequate and ineffective" because he was unable to present his claims in his previous motion to vacate since he did not sufficiently comprehend English to research and present the claims, and the Bureau of Prisons did not provide research materials in Spanish (Doc. 18 at 2, 4). Petitioner also contends that the limitation on filing successive motions under Section 2255 violates the First Amendment right to seek redress of grievances (*id*. at 3–4).

Petitioner does not allege that his claims are based upon a retroactively applicable Supreme Court decision overturning Eleventh Circuit precedent. Therefore, Petitioner may not use the savings clause of Section 2255 to file a Section 2241 petition. Furthermore, although Petitioner makes a passing reference to his "actual and factual innocence" (Doc. 18 at 2), this court will not

---

[2]The "savings clause" provides:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

(emphasis added).

Case No.: 3:07cv68/MCR/EMT

Page 5 of 5

address the question of whether Petitioner has overcome his procedural default, that is, his failure to include his claims in his first motion to vacate, until he has established that the savings clause of Section 2255 applies to him and, therefore, that he may validly bring his Section 2241 petition.  *See* Ramiro v. Vasquez, No. 06-12190, 2006 WL 3697398, at *4 (11th Cir. Dec. 13, 2006).  Indeed, this court need not rule on Petitioner's claim of actual innocence, the impediments that prevented him from bringing his claims in his first Section 2255 motion, and the alleged errors that occurred at his second trial because he has failed to show that the savings clause of Section 2255 applies to enable him to file his Section 2241 petition.  Therefore, Petitioner is plainly not entitled to pursue the relief he seeks under Section 2241.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED with prejudice**.

At Pensacola, Florida this 19th day of June 2007.

 

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**